JAMES T. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ALMA J. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket Nos. 26302-81, 26303-81
United States Tax Court
T.C. Memo 1983-630; 1983 Tax Ct. Memo LEXIS 156; 47 T.C.M. (CCH) 23; T.C.M. (RIA) 83630; October 12, 1983. James T. Smith and Alma J. Smith, pro se. David W. Johnson and Dianne Crosby, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: These consolidated cases were assigned to Special Trial Judge Peter J. Panuthos for consideration and ruling on respondent's Motion to Impose Sanctions under Rule 104 [1] and pursuant to the provisions of section 7456(c) and (d) [2], and Delegation Order No. 8 (81 T.C. VII) (July 1983). *158 Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1976, 1977 and 1978 and additions to tax as follows: James T. Smith, Docket No. 26302-81
Additions to Tax Under
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1976
$2,460
$1,230
$36.41
1977
3,720
1,860
1978
4,600
2,300
135.01
Alma J. Smith, Docket No. 26303-81
Additions to Tax Under
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1976 [3]
1977
$3,720
$1,860
1978
4,600
2,300
$135.01
Respondent's Motion to Consolidated these cases for the purposes of trial, briefing and opinion was granted on March 1, 1982. Respondent's request is that the Court dismiss these cases pursuant to Rule 104(c) and enter a *159 default judgment against petitioners for the full amount of the deficiencies and the additions to tax under sections 6653(b) and 6654. In the alternative, with respect to the 6653(b) addition to tax, respondent asks that each of his requests for admissions be deemed admitted in each case. Because of petitioners' refusal to comply with Court ordered discovery, we grant respondent's primary request for relief. The petition in each of these cases will be dismissed, thereby, granting judgment for the respondent with respect to the deficiencies and the section 6654 addition to tax, and a default judgment is granted in favor of respondent with respect to the section 6653(b) addition to tax in each case. The petition in each case was filed on October 20, 1981. At the time of filing their respective petitions, petitioners resided at LaPorte, Texas. In the deficiency notices dated July 24, 1981, respondent redetermined the petitioners' community share of gross income.The adjustments relate to omitted wages, deposits from other taxable sources, omitted interest income and disallowed deductions to the Basic Bible Church of America. The petitioners allege general error but no specific *160 facts as a basic for error. Petitioners also allege that they received no taxable amount of income based upon constitutional grounds. The petition in each docket is essentially the same, except that the petition in docket no. 26303-81 (Alma J. Smith) includes only the taxable years 1977 and 1978. In the answer in the case of James T. Smith in paragraphs 6(a) through 6(ay) respondent alleges the basis for fraud in this case. Further allegations of fraud are made in paragraphs 7(a) through (h) of respondent's amended answer. In paragraphs 6(a) through (ah) of the answer in the Alma J. Smith case respondent alleges the basis for fraud. We will briefly summarize the 30 pages of allegations of fraud in both cases. For the taxable year 1976, petitioner James T. Smith filed a document with the Internal Revenue Service purporting to be a return.No income was reported and the document cited the First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, 14th and 16th Amendments to the United States Constitution. For the year 1977, James T. Smith reported wages of $9,250.28 and claimed a charitable contribution to his "church," "The Basic Bible Church of America", for the same amount. For *161 the taxable year 1977, Alma J. Smith filed a separate return reporting $9,932.34 in wages and claimed a charitable contribution of this same amount to the "Basic Bible Church of America." No return was filed by either petitioner for the taxable year 1978. During the taxable years 1976, 1977 and 1978 James T. Smith was employed as a pipefitter and received wages and W-2 Forms from the following employers: Taxable Year
Employer
1976
1977
1978
Lummus Construction Co.
$12,486.16
Badger America, Inc.
$ 195.53
Pullman Kellogg
$ 3,141.74
$ 558.78
Tellepren Construction
$ 540.79
C.F. Braun & Co.
$ 1,845.41
$3,038.63
Carpenter Construction Co.
$5,652.87
S.I.P., Inc.
$5,188.64
Morrison Construction Co.
$2,645.54
Total Wages
$18,209.63
$9,250.28
$7,834.18
Alma J. Smith received wages and Forms W-2 of $9,857.39, $9,932.84 and $11,630.45 for the taxable years 1976, 1977, and 1978, respectively, as a school teacher. During the taxable years 1977 and 1978 both petitioners received additional taxable income from other sources including the sale of "tax protestor" literature and materials in the respective amounts of $14,564.07 *162 and $18,648.10. Since petitioners failed to maintain or complete and submit adequate records of their income producing activity, the respondent determined this additional income on the basis of the bank deposits method. Petitioners maintained bank accounts in the names "Life Science Church" and "Basic" Bible Church" to which they deposited gross income and from which personal expenses were paid. During the taxable years 1976, 1977, and 1978 James T. Smith submitted Forms W-4E to his employers falsely claiming excessive withholding allowances or falsely claiming exempt status from withholding. During 1977 and 1978 Alma J. Smith submitted similar W-4E Forms to her employer. In an effort to defeat payment and collection of their income tax liabilities the petitioners fraudulently conveyed the title to their residence located at 10202 Belfast, LaPorte, Texas, without consideration to their "church" the "Basic Bible Church." Finally, James T. Smith was convicted of a number of related tax crimes including mail fraud pursuant to 18 U.S.C. sec. 1341 (1976) and 18 U.S.C. sec. 1342 (1976); False, fictitious or fraudulent claims pursuant *163 to 18 U.S.C. sec. 287 (1976); and Fraudulent Withholding Exemption Certificates pursuant to section 7205. United States of America v. James T. Smith, Crim. Action No. H-79-172 (S.D.Tex. 1980), affd. in an unpublished opinion (5th Cir. Jan. 25, 1983). The allegations of fraud in each case as summarized above, if taken as true, are more than adequate support to clearly and convincingly establish fraud. The sequence of events in these cases are as follows. After the timely filing of respondent's answer in each case, petitioners each filed a reply on January 26, 1982. On April 6, 1982, respondent filed his first Request for Admissions in these consolidated cases. Petitioners filed their Reply to Respondent's Request for Admissions on April 28, 1982. While petitioners indicated no objection to some of the paragraphs contained in the request for admissions, they objected to a substantial number of the requests. On May 3, 1982, respondent filed a Second Request for Admissions in each of these cases. On June 1, 1982, petitioners filed a Joint Reply to Respondent's Second Request for Admissions. In their reply, petitioners objected to every request *164 set forth by respondent. On June 18, 1982, we granted respondent's Motion for Leave to File an Amendment to Answer and on the same date respondent's Amendment to Answer was filed. On July 15, 1982, respondent filed a Third Request for Admissions in each of these cases. On August 16, 1982, separate answers were filed by petitioners with respect to this request. In their respective answers, petitioners objected to all of the requests for admissions. While the above events were ongoing, respondent on March 25, 1982, served upon the petitioners a Request for Production of Documents and Interrogatories. On April 24, 1982, petitioners served their response to respondent's request for production of documents and their answers to respondent's interrogatories. On September 13, 1982, respondent filed the following motions in each docket, (1) a Motion to Review Insufficiency of Petitioner's Answers and Objections to Respondent's Request for Admissions; (2) respondent's Motion to Compel Production of Documents or to Impose Sanctions under Rule 104; and (3) respondent's Motion to Compel Petitioners to Serve Adequate and Complete Answers to Respondent's Interrogatories to Petitioner or to *165 Impose Sanctions under Rule 104. On October 4, 1982, petitioners in each docket filed an answer to each of respondent's motions. On October 18, 1982, the Court issued an order in each docket granting each of respondent's above motions filed on September 13, 1982. The Court ordered petitioner in each docket to file with the Court on or before November 15, 1982, complete and responsive amended answers to each of respondent's three requests for admissions. It was further ordered that petitioner serve on respondent's counsel on or before November 15, 1982, separate responses and complete answers to each of respondent's interrogatories and produce to respondent's counsel on or before November 15, 1982, those documents requested in respondent's request for production of documents. On November 15, 1982, petitioner in each docket filed Motion to Extend Time to Company with the Court's October 18, 1982 order. We denied petitioners' motion in each docket on November 17, 1982. Having concluded this long chronological history, we now come to the matter presently before us, that of respondent's Motion to Impose Sanctions under Rule 104(c) filed in each case on December 8, 1982. We note *166 that on December 23, 1982, petitioners in each case filed an answer to respondent's motion to impose sanctions. Finally, on December 30, 1982, petitioners filed a Written Statement in Lieu of Attendance at Hearing Pursuant to Rule 50(c) Petitioners have not complied with the October 18, 1982, order of this Court. In their written statement submitted pursuant to Rule 50(c), petitioners allege and argue the following: (1) James T. Smith is incarcerated in Federal prison in Texas and without adequate remedy to restructure the answers. (2) The petitioners were not required to file returns or maintain records with respect to the Internal Revenue Service. That both petitioners are ministers and members of a religious order and have taken a vow of poverty. Both petitioners are not liable for self-employment taxes since as ministers of a religious order they should not pay estimated tax under 26 U.S.C. sec. 1402(c) (1976). The petitioners' wages were excepted under section 3401(a)(8)(A) (i) and section 3401(a)(9) as a minister and member of a religious order who has taken a vow of poverty. In conclusion, petitioners argue that they have submitted all documentary *167 evidence to the respondent that would show the truth of the applicability of the statutory laws passed by Congress. They argue that the respondent has not produced any law, statutory or constitutional to show that petitioners must maintain books, records, information, etc. With respect to their first argument, petitioner James T. Smith alleged that he was incarcerated beginning September 22, 1982. The Court denied the motion to extend time to comply on November 17, 1982. We are satisfied having reviewed all of the documents filed including the responses by petitioners that there was no genuine intent to comply with any of the discovery requests. Respondent commenced his discovery request in March of 1982, at least six months prior to petitioner James T. Smith's incarceration. Furthermore, Alma J. Smith has not been, to our knowledge, nor is she presently incarcerated. Thus, this argument does not apply to her in any event. Petitioners' constitutional claims and those related to the "Basic Bible Church of America" have been answered on numerous occasions. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); Eisner v. Macomber,252 U.S. 189 (1920); *168 Brushaber v. Union Pacific R.R. Co.,240 U.S. 1 (1916); Jarvis v. Commissioner,78 T.C. 646 (1982); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3rd Cir. 1977); McGahen v. Commissioner,76 T.C. 468 (1981), affd. in an unpublished order (3rd Cir. Aug. 25, 1983). The matter before us presently relates to whether the disregard by petitioners of the respondent's discovery requests and this Court's order is sufficient grounds to warrant dismissal and default. There is no doubting our authority to dismiss these dockets with respect to the deficiencies and additions to tax pursuant to section 6654. Rule 104(c)(3). Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978), affg. an unpublished Order of the Court; McCoy v. Commissioner,76 T.C. 1027 (1981) affd. 696 F.2d 1234 (9th Cir. 1982). With respect to the fraud addition under section 6653(b), we answered this precise question in Rechtzigel v. Commissioner,79 T.C. 132 (1982), *169 affd. 703 F.2d 1063 (8th Cir. 1983). As we stated in Rechtzigel,supra at 142: Because our Rules authorizing default judgments are derived from the Federal Rules of Civil Procedure, our finding a default under Rule 104(c)(3) or 123(a) should have the same effect as a comparable finding by a Federal District Court under the Rules of Civil Procedure. Thus, our finding of default here has the effect of deeming admitted all respondent's factual and conclusory allegations relating to the fraud issue. [11] We examined those allegations and found them to be sufficient.We see no significant distinction for purposes of applying the Miller-Pocahontas affirmative proof requirement between this case and Doncaster v. Commissioner, [77 T.C. 334 (1981)] * * *, in which the Court granted judgment on the fraud issue on the basis of facts deemed admitted under Rule 37(c). In both situations, facts alleged by respondent are deemed to be true, and judgment for respondent is proper only if the facts deemed to be true are sufficient to show fraud.
*170 Here, as in Rechtzigel v. Commissioner,supra, we have examined all of respondent's factual and conclusory allegations relating to the fraud issue and have found them to be sufficient. Petitioners have shown an utter disregard for the tax laws in the years in issue. Petitioners have failed to file returns, filed altered returns, and the filed documents involved deductions which have no basis. We have more fully discussed this in our summary of respondent's answers in each case and amendment thereto. Default is imposed as a sanction because of petitioners' willful flouting of the Court's discovery order has hampered respondent's ability to develop his case. For reasons set forth herein, the relief requested will be granted. An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. A separate statutory notice was issued with respect to the 1976 year of Alma J. Smith. She petitioned this Court in Docket No. 6021-80 and in a Memorandum Opinion filed March 22, 1982, we upheld the Commissioner's determination that petitioner was taxable on her community share of gross income. Smith v. Commissioner,T.C. Memo. 1982-140↩, affd. by unpublished order (5th Cir. Jan. 31, 1983).
11. We have authority under Rule 104(c) to strike petitioner's reply but that would be meaningless. Under Rule 37(c) the absence of a reply has the effect of a denial of the affirmative allegations of the answer, which is all that petitioner's reply accomplished. However, the necessary effect of defaulting petitioner is to deem admitted the affirmative allegations in the answer irrespective of petitioner's denial. The sanction thus converts the denial into an admission.↩