JAMES E. LOCKWOOD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lockwood v. Commissioner
Docket No. 9712-80.
United States Tax Court
T.C. Memo 1981-243; 1981 Tax Ct. Memo LEXIS 501; 41 T.C.M. (CCH) 1511; T.C.M. (RIA) 81243; May 19, 1981. James E. Lockwood, pro se. Michael N. Gendelman, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: This case is before the Court on respondent's motion to dismiss filed pursuant to Rule 104(c)(3), Tax Court Rules of Practice and Procedure.[1]
*502 Respondent determined a $ 4,162.97 deficiency in petitioner's 1975 income tax, plus a $ 1,040.74 addition to the tax under section 6651(a)(1) [2] for failure to file a tax return and a $ 208.15 addition to the tax under section 6653(a) for disregard of rules and regulations. At the time he filed his petition, petitioner resided in San Jose, California. Respondent's deficiencies are based on petitioner's failure to (1) report compensation received from two different sources, (2) report income realized on the sale of rental property, and (3) substantiate charitable contributions. On February 26, 1981, this Court issued an order granting respondent's Motion to Compel Production of Documents and Answers to Interrogatories or to Impose Sanctions for Failure to Comply. [3] The Court's February 26 order specifically provided that: *503 (1) On or before March 20, 1981, petitioner shall produce the documents requested in Respondent's Request for Production of Documents dated December 19, 1980, or show cause why sanctions for failure to comply should not be imposed under Rule 104, Tax Court Rules of Practice and Procedure; and (2) On or before March 20, 1981, petitioner shall answer all interrogatories asked in Respondent's Interrogatories to Petitioner dated December 19, 1980, or show cause why sanctions for failure to comply should not be imposed under Rule 104, Tax Court Rules of Practice and Procedure.
It is further ORDERED that a hearing shall be held at the call of the calendar on March 24, 1981, at 10:00 a.m. in Room 2021, Federal Building & Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, to determine whether petitioner has adequately complied with this order and to further determine whether sanctions should be imposed under Rule 104, Tax Court Rules of Practice and Procedure.
A hearing was held on March 24, 1981, in San Francisco, California at which respondent filed a Motion for Imposition of Sanctions for Failure to Comply with Court Order Compelling Discovery. The sanction *504 requested by respondent is dismissal of this case and entry of judgment against petitioner. Petitioner appeared at the March 24 hearing and told this Court of his continued unwillingness to provide respondent with any information or records. Petitioner reiterated his reliance on the Fifth Amendment as justification for his noncompliance with this Court's discovery rules and this Court's order of February 26, 1981. Respondent's counsel has repeatedly informed petitioner, both prior to and at the March 24 hearing, that no criminal case is pending against petitioner. Petitioner does not contend to the contrary nor has he shown any basis on which we could conclude that he had a legitimate concern regarding criminal prosecution. Accordingly, petitioner's contention that the Fifth Amendment relieves him of the duty to produce his books and records for respondent and answer interrogatories is without merit. See Wilkinson v. Commissioner, 71 T.C. 633, 637-638 (1979). The facts in this case support respondent's request for dismissal. Petitioner's continued failure to comply with the Court's February 26 order in this case warrants this result. See Eisele v. Commissioner, 580 F. 2d 805 (5th Cir. 1978), *505 affg. an unpublished order of this Court. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Rule 104(c)(3), Tax Court Rules of Practice and Procedure, provides: (c) Sanctions: If a party or an officer, director, or managing agent of a party or a person designated in accordance with Rule 74(b) or 81(c) fails to obey an order made by the Court with respect to the provisions of Rule 71, 72, 73, 74, 81, 82, 83, 84, or 90, the Court may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
3. Documents filed with the Court in support of respondent's motion show repeated efforts by respondent to obtain petitioner's records and answers to interrogatories. Petitioner consistently refused to respond to these inquiries based on the self-incrimination provision in the Fifth Amendment of the Constitution. Petitioner's position remained unchanged even after respondent forwarded copies of two opinions of this Court ( Wilkinson v. Commissioner, 71 T.C. 633 (1979) and Thompson v. Commissioner, T.C. Memo. 1979-153 (1979)) dealing with Fifth Amendment↩ claims asserted by taxpayers.