JOHN M. EMIGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Emigh v. Commissioner
Docket No. 1131-79.
United States Tax Court
T.C. Memo 1981-514; 1981 Tax Ct. Memo LEXIS 226; 42 T.C.M. (CCH) 1095; T.C.M. (RIA) 81514; September 16, 1981. *226 Held: Where the burden of proof as to all issues placed in dispute by the pleadings is upon petitioner and where the Court, upon petitioner's unwarranted, unexplained, and persistent refusal to answer interrogatories or produce documents, issues orders precluding petitioner, at any trial of the case, from introducing any evidence with respect to those issues, there is no genuine issue as to any material fact and decision may be rendered as a matter of law. Respondent's motion for summary judgment will be granted. Peter R. Newman, for the petitioner. Cheryl White and Jani E. MAURER, FOR THE RESPONDENT. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's *227 motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment filed on February 3, 1981, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
*228 Respondent, in his notice of deficiency issued to petitioner on October 25, 1978, has determined the following deficiency [3] in, and addition to, petitioner's 1975 Federal income tax: Addition to Tax, 1954 Code [4]
Year
Deficiency
Section 6651(a)
1975
$ 2,247.06
$ 487.47
Petitioner resided in Suffolk County, New York, on the date he filed his petition herein. He filed an individual 1975 Federal income tax return with the Internal Revenue Service. In his petition filed on January 25, 1979, petitioner alleges at paragraph 4 thereof that respondent erred in making the determinations set forth hereinbefore and at paragraph 5 thereof he alleges facts to support his allegations of error. [5] Issue was joined on March 5, 1979, on which date *229 respondent filed his answer in which at paragraphs 4 and 5 thereof he denied the allegations set forth in paragraphs 4 and 5 of the petition. See Rule 38. Now begins the scenario which results in petitioner's loss of his case. Following the requirement of Rule 70(a)(1) and our mandate in Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), respondent, on April 22, 1980, mailed a letter to petitioner's counsel seeking to make arrangements for informal consultations or communications prior to utilizing the discovery procedures provided by our rules. No response to that letter was made. On May 29, 1980, pursuant to Rules 71 and 72, respectively, respondent served on petitioner's counsel "Respondent's Interrogatories to Petitioner" and "Respondent's Request for Production of Documents". No response to either discovery request was made. By notice dated *230 June 3, 1980, this case was calendared for trial at the Court's trial session commencing on September 15, 1980, at New York, New York. On July 17, 1980, respondent filed a "Motion for Order Compelling Petitioner to Comply with Respondent's Request for Production of Documents", which said motion was calendared for hearing at the Washington, D.C., Motions Session on August 13, 1980. [6] No appearance was made by or on behalf of petitioner at the hearing and no response to respondent's motion was filed. Counsel for respondent appeared and presented argument. The Court, by order dated August 13, 1980, stated, in part, as follows: * * * For cause, appearing of record in the transcript of proceedings this date, it is ORDERED that respondent's Motion filed on July 17, 1980, is granted and petitioner's counsel shall on or before September 2, 1980, produce to respondent's trial counsel those documents requested in respondent's Request for Production of Documents, a copy of which was served on petitioner's counsel on or about May 29, 1980, or petitioner shall *231 be prohibited at the trial of this case from supporting his claims that he is entitled to a deduction for business expenses, a casualty loss, or other deductions disallowed, and his claim that a delinquency penalty not be imposed. No documents have ever been produced for respondent's counsel. Our August 13, 1980, order is self-executing and the sanctions directed therein became fully effective upon failure to comply with that order on September 2, 1980. On August 15, 1980, respondent filed a "Motion for Leave to File Respondent's Motion for Order Compelling Petitioner to Answer Respondent's Interrogatories or to Impose Sanctions Out of Time". Together with that motion the Court received and "lodged" respondent's "Motion for Order Compelling Petitioner to Answer Respondent's Interrogatories or to Impose Sanctions". [7]
On September 15, 1980, counsel for petitioner and counsel for respondent entered their appearances when this case was called. *232 The former, while acknowledging the existence of the discovery motions filed with the Court, advanced not one reason why he had not complied with respondent's document request or the Court's order of August 13, 1980. Nor did he assert any reason for not having complied with respondent's interrogatory request. In granting respondent's motion for leave, the Court in its order of September 15, 1980, provided, in part, as follows: * * * After due consideration, it is ORDERED that respondent's motion filed August 15, 1980, is granted in that respondent's motion for order compelling petitioner to answer respondent's interrogatories or to impose sanctions is filed and granted as of the date of this order and petitioner shall respond to respondent's interrogatories on or before November 19, 1980, or show cause in Tax Court Courtroom, Third Floor, 400 Second Street, N.W., Washington, D.C. 20217, at 10:00 A.M., on that date, why sanctions should not be imposed. * * * [8]
*233 When the case was called on November 19, 1980, no appearance was made by or on behalf of petitioner, and there had been no compliance with the Court's order of September 15, 1980. That order reads as follows: [I]t is ORDERED that the Court's Order to show cause dated September 15, 1980, is hereby made absolute in that petitioner, at any trial of this case, shall be prohibited from introducing any evidence that he is entitled to deductions for business expenses, a casualty loss, or other items disallowed and his claim that a delinquency penalty is not to be imposed, relating to the taxable year 1975. [9]
On February 3, 1981, respondent filed his motion with attached affidavit which is herein under consideration, which said motion was set for hearing at the Washington, D.C., Motions Session on April 15, 1981. [10] No appearance was made by or on behalf of petitioner nor was a response to respondent's motion filed. At the outset we feel constrained *234 to comment briefly on the total failure to respond to respondent's discovery requests and his motions and the stubborn refusal to honor and comply with the Court's notices and orders. Although given a number of opportunities to comply with respondent's highly relevant interrogatory and document requests, as set forth hereinbefore, petitioner's counsel has not done so and there is not one adequate reason extant in this record to explain his failure to comply. He has, in essence, ignored the notices and orders issued to him by the Court and, by his inexcusable conduct, shown complete and utter disrespect for the rules of this Court. Indeed, his failure to act has cost petitioner his "day in court." Respondent, in his motion, seeks summary judgment on the ground that petitioner is precluded from introducing any evidence pertaining to any and all of the issues raised in the pleadings. In these circumstances, we think the procedure he has utilized is a proper and appropriate one. Rule 121(b) provides, in pertinent part, as follows: * * * A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, *235 together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * [11]
It is well established that deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The determinations made by respondent in his notice of deficiency are presumed correct. The burden is on petitioner to show that those determinations are wrong. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Because of petitioner's steadfast and unwarranted refusal to comply with the Court's discovery rules and specific orders of the Court, the Court issued not one but two orders prohibiting him from introducing, at any *236 trial of the case, anyevidence (i.e., either testimonial or documentary) that he is entitled to deductions for business expenses, a casualty loss, or other items disallowed and his claim that an addition to tax should not be imposed, relating to the taxable year 1975. Those orders encompassed and applied to each and every issue placed in dispute by the pleadings. This simply means that petitioner is now precluded from introducing any testimony (facts) with respect to all of the issues placed at dispute on which he has the burden of proof. It necessarily follows that there are no issues to be tried. "The primary purpose of the summary judgment procedure is to pierce the allegations of the pleadings, show that there is no genuine issue of material fact although an issue may be raised by the pleadings, and that the movant is entitled to judgment as a matter of law." 6 Moore, Federal Practice, par. 56.11[3], p. 56-229 (2d Ed. 1976). On a motion for summary judgment the Court cannot try issues of fact. It can only determine whether there are issues to be tried. 3 Barron & Holtzoff, Federal Practice and Procedure, sec. 1231, p. 101 (1958). On this record, we hold that *237 there is no genuine issue as to any material fact. Since respondent's determinations are presumptively correct and petitioner by Court orders is precluded from meeting the burden of proof imposed on him, respondent is entitled to a decision as a matter of law. [12] In these circumstances, his motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on April 15, 1980. No appearance was made by or on behalf of petitioner, nor did he file a response to respondent's motion, albeit a copy thereof with attached affidavit together with a copy of the Court's notice of hearing were served on petitioner's counsel by the Court on March 2, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. The adjustments to income as determined by respondent in his notice of deficiency are as follows: Employee business expenses
$ 1,537.70
Casualty loss
3,301.56
Miscellaneous claimed deductions
2,143.88
In addition, respondent determined an addition to the tax for late filing of the 1975 return.↩
4. Any statutory reference herein is to the Internal Revenue Code of 1954, as amended.↩
5. The petition was filed by an attorney admitted to practice before this Court who has been counsel of record throughout these proceedings. Regrettably, his obdurate refusal to comply with the Court's Rules of Practice and Procedure and to obey specific orders of this Court has cost petitioner his case.↩
6. A copy of that motion together with the notice of hearing was served on petitioner's counsel by the Court on July 21, 1980.↩
7. A copy of each motion was served on petitioner's counsel by the Court on August 25, 1980, together with a notice of hearing which calendared respondent's motion for leave for hearing at New York, New York, on September 15, 1980.↩
8. A copy of that order was served on petitioner's counsel by the Court on October 20, 1980. The case was continued generally for trial on the representation of petitioner's counsel that petitioner was in the hospital.↩
9. A copy of that order was served on petitioner's counsel by the Court on November 26, 1980.↩
10. A copy of that motion together with the notice of hearing was served on petitioner's counsel by the court on March 2, 1981.↩
11. The Note to Rule 121(b) provides, "In the second sentence of part (b) of this Rule, 'An' is substituted for 'Any' to stress that the Court expects, where a motion for summary judgment is filed, that an opposing response will be filed by all parties who do not agree to the relief sought by the motion." [71 T.C. 1204↩] Petitioner's counsel filed no response to respondent's motion as noted earlier herein.
12. In view of our disposition of this case, we deem it unnecessary to consider or discuss whether Rule 123 might likewise have application to these proceedings. See and compare Eisele v. Commissioner, 580 F.2d 805 (5th Cir. 1978); McCoy v.Commissioner, 76 T.C. 1027 (1981); Lockwood v. Commissioner, T.C. Memo. 1981-243↩.