DORIS DUSTON AND ARTHUR G. DUSTON, III, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duston v. Commissioner
Docket Nos. 5563-79, 5625-79.
United States Tax Court
T.C. Memo 1982-409; 1982 Tax Ct. Memo LEXIS 338; 44 T.C.M. (CCH) 521; T.C.M. (RIA) 82409; July 20, 1982. *338 Petitioners failed to file Federal income tax returns for the taxable years 1973 through 1976. Accordingly, respondent determined deficiencies and additions to tax pursuant to sec. 6653(a), I.R.C. 1954, for those years. Petitioners' primary contention was that amounts paid to them for services rendered are not taxable as income. They made no meaningful challenge to the accuracy of respondent's calculations. Held, respondent's determinations are sustained. Doris Duston and Arthur G. Duston, III, pro se. Marion L. Westen, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notices of deficiency dated February 1, 1979, respondent determined deficiencies in and additions to petitioners' Federal *339 income taxes as follows: Addition to tax
Docket No.
Petitioner
Year
Deficiency
pursuant to sec. 6653(a)
5563-79
Doris Duston
1973
$2,476.37
$123.82
1974
2,990.27
149.51
1975
3,497.68
174.88
1976
4,055.00
202.75
5625-79
Arthur G. Duston, III
1973
2,825.21
141.26
1974
1,404.90
70.25
1975
7,397.27
369.86
1976
5,282.70
264.14
These cases have been consolidated for purposes of trial, briefing and opinion. After concessions, the issues for decision are: (1) whether petitioners realized unreported income during each of the years 1973 through 1976; and (2) whether petitioners are liable for additions to tax pursuant to section 6653(a), I.R.C. 1954, for the years 1973 through 1976. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Arthur G. Duston, III, and his wife, Doris Duston, resided in Plantation, Florida at the time of filing the petition herein. Petitioners did not file any Federal income tax returns for the years 1973 through 1976. Petitioner Doris *340 Duston received income as a physical therapist during the years 1973 through 1976 as follows: 1973
$12,644.92
1974
14,195.20
1975
15,988.00
1976
17,698.32
Mrs. Duston incurred deductible expenses during the years in question as follows: 1973
1974
1975
1976
Insurance premiums
$ 35.23
$ 54.00
$ 150.00
$ 150.00
Additional premiums
263.64
267.40
Real estate taxes
93.00
167.41
184.81
210.32
State and local gas tax
42.92
48.84
53.12
57.27
General sales tax
116.00
132.00
140.00
154.00
Tax on land
4.77
6.03
Home mortgage interest
1,341.88
1,509.61
1,565.45
1,536.10
Bank interest
252.89
298.87
209.81
116.92
Cash contributions
2,090.98
1,328.92
1,925.09
2,371.81
Misc. contributions
11.60
3.20
147.20
Prof. dues, national
50.00
50.00
50.00
50.00
Prof. dues, state
25.00
25.00
25.00
35.00
Prof. occ. registration
10.00
10.00
10.00
10.00
Total expenses
$4,074.27
$3,630.68
$4,580.12
$5,106.02
Petitioner Arthur Duston received income during the years 1973 through 1976 as follows: 1973
1974
1975
1976
Receipts from labor as bookkeeper
$4,080.00
$5,050.00
$6,575.00
$5,400.00
Receipts from U.S. Air Force [1]
2,535.28
Miscellaneous receipts
749.42
Recovery of bad debt
2,400.00
Total Income
$7,229.42
$5,050.00
$6,575.00
$7,935.28
*341 Arthur incurred deductible expenses during the years 1973 through 1976 as follows: 1973
1974
1975
1976
Medical
$ 695.56
Real estate taxes
67.37
86.25
103.96
94.50
State and local gas tax
31.08
25.16
29.88
25.73
General sales tax
108.00
84.00
100.00
100.00
Tax on land
3.46
3.12
Home mortgage interest
971.70
777.69
880.56
690.14
Bank interest
174.83
146.76
83.08
6.20
Insurance interest
310.10
317.46
385.05
Credit card interest
8.30
7.24
34.93
2.69
Cash contributions
1,514.15
684.60
1,082.87
1,065.60
Misc. contributions
8.40
1.80
55.80
Total expenses
$2,887.29
$2,820.48
$2,634.54
$2,425.71
OPINION Petitioners argue that they are not liable for the deficiencies and additions to tax proposed by respondent *342 for a number of reasons. Petitioners' primary contention is that they received no income for services rendered during the taxable years at issue because they an equal exchange of labor for compensation received. Secondly, petitioners argue that they are the victims of an unconstitutional tax. Finally, they make a number of arguments which we find too frivolous to address. See McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981). Respondent's determinations of deficiencies and additions to tax pursuant to section 6653(a) for the taxable years 1973 through 1976 are sustained. Petitioners' arguments are meritless. Sec. 61(a); Eisner v. Macomber,252 U.S. 189, 207 (1920); Brushaber v. Union Pacific R.R. Co.,240 U.S. 1 (1916); Welch v. Helvering,290 U.S. 111 (1933). Accordingly, Decisions will be entered under Rule 155.
Footnotes
1. Respondent concedes that the payments received by Mr. Duston during the years 1973 through 1975, attributable to his service in the U.S. Air Force, in the amounts of $1,934.76, $2,136.12 and $2,376.36, respectively, are excludable from income as sick pay. In addition respondent concedes that a nontaxable payment of $157.22 from the Air Force was included in miscellaneous receipts for 1973.↩