JAMES D. FISHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fisher v. Commissioner
Docket No. 19923-82.
United States Tax Court
T.C. Memo 1984-216; 1984 Tax Ct. Memo LEXIS 454; 47 T.C.M. (CCH) 1677; T.C.M. (RIA) 84216; April 25, 1984. *454 Petitioner earned income from his dairy farm for each of the years in issue. He understood his obligations to pay income taxes and to file tax returns. The Forms 1040 he sent to respondent for these years did not constitute tax returns. He did not intend to pay Federal income taxes for these years. Held: Additions to tax under section 6653(b), I.R.C. 1954 (fraud), imposed for each of the years in issue. James D. Fisher, pro se. Frank R. DeSantis, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(b)[1] (fraud) and 6654(a) (underpayment of estimated tax), as follows: Additions to Tax
Year
Deficiency [2]
Sec. 6653(b) [3] *455 Sec. 6654(a)
1976
$16,904.53
$8,452.27
$194.52
1977
14,619.14
7,209.57
148.47 After disposition of other issues, [4] *456 the issues for decision are as follows: (1) Whether petitioner is liable for an addition to tax under section 6653(b) for each of the years in issue. (2) If petitioner is not so liable as to any such year, then whether petitioner is liable for additions to tax under sections 6651(a) or 6653(a) for that year. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibit are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Loudonville, Ohio. Petitioner is a farmer, primarily a dairy farmer. During 1976 and 1977, he sold dairy products to the National Farmers Organization, for which he received $65,798.83 for 1976 and $64,092.82 for 1977. His farm expenses for 1976 aggregated $25,477.94, and for 1977 aggregated $27,467.03. In addition, he had interest income from the Wayne County National Bank amounting to $304.68 in 1976 and $319.85 in 1977. In 1976, he also received $1,695.50 from Helke Exploration Company for royalties from gas wells. In 1977 he also received $4,000 from Wade Puster & Sons for heifers sold by petitioner. [5]
From about 1955 to 1976, petitioner filed Federal income tax returns, which contained information *457 relating to income he received from his dairy farm and miscellaneous sources. He tried to make these returns as accurate as possible. On April 15, 1977, petitioner submitted to respondent a Form 1040 for 1976, on which appears petitioner's and his wife's names, address, Social Security numbers, and occupations (for petitioner, farming; for his wife, housewife). They claim two personal exemptions. Lines 7, 26, 27, and 28 are left blank. [6] Beginning with line 9 (wages, etc.), each of the other lines contains one of two handwritten notations [7] and one of two preprinted notations. [8] The form is signed by petitioner and his wife under penalties of perjury. Attached to this Form 1040 are 30 pages of preprinted material, some of which have petitioner's and his wife's signatures on them. On April 17, 1978, petitioner submitted to respondent a Form 1040 for 1977, on which appears *458 petitioner's name and address. On each of the other lines, except the signature line, there is the word "Object". The form is signed by petitioner under penalties of perjury. Attached to this Form 1040 are 44 pages of preprinted material, some of which have petitioner's signature on them. Petitioner did not file with respondent any documents purporting to be income tax returns for 1976 and 1977, other than the above-described Forms 1040. When petitioner submitted the Forms 1040 for 1976 and 1977, he did not intend to make any payments towards his Federal income tax liability for either of these years. In 1978, petitioner transferred his real estate to a trust, the trustees of which were George Thiel and a person named Weber. Petitioner was the trustee of a similar trust for Floyd Douglas. Petitioner did not file Federal income tax returns for any of the years 1978 through 1982. * * * For each of the years 1976 and 1977, petitioner had an underpayment of income tax required to be shown on his tax return and all of each such underpayment for each such year was due to fraud. OPINION Respondent maintains that, for each of the years in issue, petitioner had an underpayment and *459 that part of each year's underpayment was due to fraud. Petitioner contends that the Sixteenth Amendment to the United States Constitution was not constitutionally ratified, that after "a sincere study of the income tax laws be [sic] became aware that he was not required by law to file a return", and that he is not guilty of fraud since he never "tried to deceive the respondent" but rather "told the respondent exactly what his intention[s] are and were." We agree with respondent. When he seeks to impose the addition to tax under section 6653(b), [9] *460 respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment, and that some part of this underpayment is due to fraud. Section 7454(a); [10]Rule 142(b), Tax Court Rules of Practice and Procedure; e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The issue of fraud poses a factual question which is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner,465 F.2d 299, 303 (CA7 1972), affg. a Memorandum Opinion of this Court; [11]Mensik v. Commissioner,328 F.2d 147 (CA7 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner,56 T.C. at 224; Stratton v. Commissioner,54 T.C. 255, 284 (1970). Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), affg. a Memorandum Opinion of this Court; [12]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); *461 Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence. Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978); Beaver v. Commissioner,55 T.C. 85, 92-93 (1970). Respondent need not prove the precise amount of underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. E.g., Lee v. United States,466 F.2d 11, 16-17 (CA5 1972); Plunkett v. Commissioner,465 F.2d at 303; Kreps v. Commissioner,351 F.2d 1, 6 (CA2 1965), affg. 42 T.C. 660 (1964). The validity of the Sixteenth Amendment, and the basic constitutionality of the income tax laws enacted thereunder have long been established. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916). Under these laws, petitioner has taxable income and an income tax liability for each of the years in issue. The Forms 1040 he submitted to respondent do not constitute tax returns. Reiff v. Commissioner,77 T.C. 1169, 1177-1179 (1981). *462 As a result, for each of the years in issue there is an underpayment of income tax. (Sec. 6653(c).) In determining whether any part of each of these underpayments is due to fraud, we note the following: (1) Petitioner understood his obligation to file tax returns containing information relating to income he received from his dairy farm and miscellaneous sources. For a score of years he filed such tax returns and, as he testified, he "tried to make them as accurate as possible". (2) Petitioner failed to file tax returns for the years in issue. The Forms 1040 that he submitted did not give respondent any indication as to where he should search for the information from which petitioner's income tax liability could be determined. (3) Petitioner testified that, when he submitted the nonreturns for 1976 and 1977, he did not intend to make any payments toward his Federal income tax liability for either of these years. We believe him. (4) In 1978, petitioner transferred his real estate to a trust, with other individuals as trustees. Petitioner served as trustee for a similar trust to which another individual had transferred property. Thereafter, for five years, petitioner failed to *463 submit even the nonreturns he had submitted for 1976 and 1977. Petitioner stopped furnishing the information required to be furnished to respondent. He concealed at least some of his assets. He had tax liabilities, but no intention of paying them. For a score of years he knew better. This combination of elements persuades us that respondent has carried his burden of proof in the instant case. Petitioner's flaunting of his disobedience of the law does not operate to excuse him from the consequences of this disobedience. In this regard, the instant case is to be distinguished from Muste v. Commissioner,35 T.C. 913 (1961). We conclude that petitioner's underpayments for each of the years in issue was due to fraud. See Rowlee v. Commissioner,80 T.C. 1111, 1123-1126 (1983); Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). As to petitioner's miscellaneous contentions, see generally Rowlee v. Commissioner,supra. See also McCoy v. Commissioner,696 F.2d 1234 (CA9 1983), affg. 76 T.C. 1027 (1981). We hold for respondent. [13] *464 To take account of a concession by respondent (see n. 4, supra), An appropriate order granting respondent's motion for summary judgment as to the deficiencies will be issued, and decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section and chapter references are to sections and chapters of the Internal Revenue Code of 1954 as in effect for the years in issue. ↩
2. Of these amounts, self-employment taxes under chapter 2 are as follows: 1976--$1,208.70, and 1977--1,303.50. The remaining amounts are chapter 1 income taxes. ↩
3. By amended answer, pursuant to section 6214, respondent asserts in the alternative that, if the Court determines that petitioner's underpayment for any year in issue was not due to fraud, then for each such year petitioner is liable for a 25-percent addition to tax under section 6651(a) (failure to file timely return) and a 5-percent addition to tax under section 6653(a)↩ (negligence, etc.).
4. By stipulation, the parties agreed to the adjustments in the notice of deficiency, with one modification. The parties then agreed to summary judgment as to the deficiencies, to be calculated on the basis of the parties' stipulation. The Court thereupon orally granted the motion for summary judgment. Since no evidence has been presented, and no contentions made, with respect to the additions to tax under section 6654(a), petitioner is liable for such additions; the amounts are to be recalculated so as to take into account the modifications in the deficiencies that result from the agreement of the parties.
5. The royalty and sale income items were not included in the notice of deficiency. Yet, respondent does not ask for increased deficiencies on account of these items.↩
6. Line 7 is for dependents other than taxpayers' children who live with them. Lines 26, 27, and 28 deal with claimed overpayments. ↩
7. "0" or "Object 4th & 5th Amendments↩". 8. "*", which refers to the meaning of "dollar", or "**" which is an objection under 10 separate Amendments to the United States Constitution.↩
9. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] 10. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud. -- In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary. [This language reflects a 1976 amendment which does not affect the instant case.]↩
11. T.C. Memo. 1970-274↩.
12. T.C. Memo. 1966-81↩.
13. Because of this conclusion as to the fraud additions to tax (sec. 6653(b)), we need not reach respondent's alternative contentions as to additions to tax under sections 6651(a) and 6653(a). See n. 3, supra.↩