RALPH HOWELL PERKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perkins v. Commissioner
Docket No. 4059-83.
United States Tax Court
T.C. Memo 1985-123; 1985 Tax Ct. Memo LEXIS 507; 49 T.C.M. (CCH) 983; T.C.M. (RIA) 85123; March 21, 1985. Ralph Howell Perkins, pro se. Steven Roth, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456 and Rules 180, 181 and 183. [1] It is now before us on respondent's oral motion to dismiss for want of proper prosecution and to impose damages. We grant respondent's motion. Respondent determined deficiencies in petitioner's Federal income taxes as follows: *508 Additions to Tax
Year
Tax
§ 6651(a)
§ 6653(a)
§ 6654(a)
1979
$1,256
$314.00
$62.80
$52.75
1980
2,868
595.75
143.40
144.75
The determination was based upon unreported income of $10,396 for 1979 and $16,884 for 1980. Petitioner, who resided at Salinas, California, is one of several hundred persons in California who have timely filed petitions, substantially identical, which are frivolous and groundless. [2] In his petition he alleges that there is no section of the Internal Revenue Code requiring anyone to file a return, that the filing of a return is a voluntary act, that petitioner did not volunteer, that petitioner has no grant of privilege or franchise and that he has received nothing during the years in question of a known tangible value that qualify as income. These allegations have been rejected so uniformly and consistenly by this and every other court that it is unnecessary to do more than say that they completely lack merit. See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 699 F. 2d 1234 (9th Cir. 1983). *509 Petitioner appeared at the call of the calendar at which time he restated his contention that wages do not constitute taxable income and he refused to meet with respondent in compliance with our Rule 91 to attempt to arrive at a stipulation of facts, stating that "I have to stand on what I presented when I first stepped up here." Our Rules provide for dismissal for the failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court. Rule 123(b). This petition will be dismissed for failure to prosecute properly. Petitioner filed with the Court a trial brief in which, inter alia, he questions the jurisdiction of this Court and in particular that of the Special Trial Judge to hear this matter. The brief goes on with what has become a seemingly endless diatribe against the Internal Revenue Service, federal reserve notes and the monetary system and accuses high Government officers of the Executive Branch, as well as various judicial officers of criminal misconduct and plotting to overthrow Federal and state constitutions. The allegations are so scurrilous and contemptible that it would be beyond the bounds of reason to attempt to respond to *510 them, other than to briefly address, once again, the jurisdictional question. Petitioner, by filing his petition to this Court, invoked its jurisdiction. In Rowlee, we cited at some length the pleathora of cases which have upheld the constitutionality of this Court formed by Congress under the provisions of article I of the Constitution. There appears no need to repeat a statement of this well-settled law. As to the authority of the Special Trial Judge to hear this matter, she was duly appointed a Special Trial Judge under the provisions of section 7456(c) and was signed to hear and decide this case by the Chief Judge of this Court pursuant to the authority given to him by Congress contained in Section 7456(d). Judicial authority required to decide this matter is here present. See Bridickas v. Commissioner,T.C. Memo. 1985-47. We turn now to respondent's oral motion for the award of damages pursuant to section 6673. We grant that motion and award damages to the United States in the amount of $3,500. The petition filed herein is legally frivolous and groundless. An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., Raccio v. Commissioner,T.C. Memo. 1984-125; Gabaldon v. Commissioner,T.C. Memo. 1984-107; Africa v. Commissioner,T.C. Memo. 1984-95; Dragoun v. Commissioner,T.C. Memo. 1984-94; Urban v. Commissioner,T.C. Memo. 1984-85; Ross v. Commissioner,T.C. Memo. 1983-624; and Langseth v. Commissioner,T.C. Memo. 1983-576↩.