ROLLO E. CLEVELAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent
Cleveland v. Commissioner
Docket Nos. 2184-83, 29021-83.
United States Tax Court
T.C. Memo 1985-209; 1985 Tax Ct. Memo LEXIS 422; 49 T.C.M. (CCH) 1374; T.C.M. (RIA) 85209; May 1, 1985. Ronald M. Rosen and Dennis Perez, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: These cases were assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code and Rules *423 180 and 181. [1] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: These cases were consolidated for purposes of trial, briefing and opinion. They are before us on respondent's oral motion to dismiss for failure properly to prosecute. The motion is granted. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax
§ 6651(a)
§ 6653(a)
§ 6654(a)
1979
$7,826.92
$1,956.73
$391.35
$328.73
1980
5,569.02
1,373.25
278.45
350.33
1981
1,731.00
432.75
[2] 86.55
131.55
The determinations were based upon the failure to file returns and failure to report income from wages. Respondent, pursuant to leave of the Court, filed a second amendment to his answer in which he alleged that the deficiency *424 determination for the year 1981 had been based upon unreported income in the amount of $12,609; that in fact petitioner's unreported income for that year was $28,036.49; and that the deficiency in tax was $6,657 and additions to tax under sections 6651(a), 6653(a)(1) and 6654(a) were in the amounts of $1,512.10, $332.85 and $452.12, together with 50 percent of the interest due on $6,657 under section 6653(a)(2). Petitioner filed two petitions. Docket 2184-83 relates to the years 1979 and 1980, and was filed February 4, 1983. Docket 29021-83 relates to the year 1981 and was filed October 11, 1983. Both petitions are similar in nature to several hundred others filed in the southern California area. Petitioner in each alleges that there is no section in the Internal Revenue Code requiring him to file a return or pay an income tax; petitioner received nothing of a known tangible value that qualified as income and enjoys no grant of privilege or franchise; he did not volunteer to self-assess himself, our income tax system being based upon "voluntary" compliance. The petition in docket 29021-83, covering the year 1981, also requested a determination from the Tax Court that the petition *425 was not frivolous prior to its filing. Petitioner failed to appear at the call of the calendar [3] or on the date set for trial herein. Respondent proved that petitioner, for the year 1981, received the following income from employers: Vic Stern Electric
$ 2,878.62
Lube Equipment & Supply Co., Inc.
144.72
Bill Sern Bills Electric
5,008.64
Grimes Electric, Inc.
6,186.78
Standard Industrial Electric Co.
2,403.70
Community Electric Services of
Los Angeles, Inc.
416.07
Trani Electric
10,002.78
Total
$27,041.31
In addition, petitioner received interest income totaling $998 ($1,198 interest, less $200 interest exclusion) for total unreported income for 1981 of $28,039.31. [4]
*426 While the burden of proving that respondent's deficiency determination is incorrect rests as a general rule upon petitioner ( Welch v. Helvering,290 U.S. 111, 115 (1933)), the burden of proving any increases in the deficiency rests upon respondent. Rule 142. In regard to docket 2184-83, covering the years 1979 and 1980, we note that nowhere has petitioner even made the allegation that he did not receive compensation in the form of wages. In view of his failure to appear in this matter, his petition in docket 2184-83 will be dismissed for want of proper prosecution. Our Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO *427 ADDUCE EVIDENCE * * * (b) Failure of Proof:Failure to produce evidence, in support of an issue of face as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. * * * Respondent, in docket 29021-83, for the year 1981, proved that petitioner had unreported income for that year in the amount of $28,036.49. [5] A decision in docket 29021-83 will be entered in favor of respondent which reflects that amount of income. Respondent by oral motions requested awards of damages in both cases under the provisions of section 6673 of the Code. That section provides that: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded *428 shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. There is no question that the petitions filed herein are frivolous. We have held, time and again, that the arguments espoused by petitioner are completely lacking in merit, long rejected by this and other courts. We dealt with these matters at length in Rowlee v. Commissioner,80 T.C. 1111 (1983). We have held these allegations to be without merit in scores of cases in which taxpayers filed petitions almost identical in nature to those filed by this petitioner. [6] We would do a disservice to those taxpayers who have brought to this Court genuine controversies with respondent were we to devote time to any extended discussion of the lack of merit to petitioner's arguments. McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Damages in the amount of $5,000 are awarded the United States in docket 2184-83; exercising our discretion, we deny respondent's motion for an award of damages in docket 29021-83. *429 Appropriate orders and decisions will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In addition, an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on $1,731.↩
3. The Court received, filed as a request for continuance and denied, a letter dated June 2, 1984, from petitioner's wife in which she stated in part: I am very sorry but Rollo E. Cleveland will not be able to appear in court at any time ever due to the fact he is a very ill man and no longer works and hasn't really for nearly a year and a half, he had triple by-pass heart surgery and he will be having more and he has increasingly dangerous diabetes and high blood pressure, hypertension, and still increasing hardening of the arteries, and the gentlemen is not able to attend any even mild type of court procession. [Emphasis supplied.] Taking the statements in the letter as true, there would have been no benefit in continuing the matter to a later time as petitioner's wife alleged he would never be able to present his case. Further, it was apparent from the two petitions filed herein that both would have been subject to dismissal for failure to state a claim upon which relief might be granted, in view of their patently frivolous allegations. Thus, neither the interest of petitioner, respondent or of judicial efficiency would be served by delaying the determination in these matters any further. Thus, we hold that under these particular circumstances, the motion for continuance did not set forth good and sufficient reason for a continuance as required by our Rule 134. ↩
4. Respondent's second motion to amend alleged that petitioner's unreported income for 1981 was $28,036.49, a difference of $2.82, which is unexplained but also de minimus.↩
5. See footnote 4, supra.↩
6. See, e.g., Africa v. Commissioner,T.C. Memo. 1984-95; Urban v. Commissioner,T.C. Memo. 1984-85; Dragoun v. Commissioner, 1984-94; Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576; Pebley v. Commissioner,T.C. Memo. 1981-701, affd. without published opinion 703 F.2d 576↩ (9th Cir. 1983)