RICHARD D. RUNION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Runion v. Commissioner
Docket No. 2917-84.
United States Tax Court
T.C. Memo 1986-176; 1986 Tax Ct. Memo LEXIS 431; 51 T.C.M. (CCH) 955; T.C.M. (RIA) 86176; April 29, 1986. Richard D. Runion, pro se. Gloria Gooding, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code *432 [1] and Rules 180 and 183 of the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case presents yet another instance of abuse of the processes of this Court. Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $12,183, together with additions to tax under section 6651(a) of $2,406.50, under section 6653(a) of $609.15 and under section 6654(a) of $572.59. Petitioner timely filed his petition to this Court. He then was, and is, a resident of Huntington Beach, California. Petitioner filed a form petition, substantially identical with those filed by several hundred other persons in California. [2] The petition contains allegations of a tax protestor nature. Thus, petitioner alleged that he was not required to file an income tax return or pay an income tax for 1980, that he was not a taxpayer, that he received nothing during those years of known tangible value, that he enjoyed no grant of privilege *433 or franchise and that he did not volunteer to self-assess himself for taxes. Petitioner filed a request for a jury trial which was denied; he filed a motion for summary judgment that was denied. The deficiency determination was based upon petitioner's failure to report $35,341 in income from wages received by him as follows: Catalytic, Inc.
$2,272
Biggs Drayage
16,131
Babcock Wilcox
9,360
Scott Buttner
3,476
Westinghouse
4,102
Petitioner agreed that he worked for the five companies so listed, he admitted that he received compensation for his labor in the amounts shown on the notice of deficiency. He also admitted that he did not file a tax return for 1980. Petitioner was advised at the call of the calendar that compensation for services constituted *434 an element of gross income, that he was required to file a return and that our income tax system is not voluntary. He was advised not to pursue the frivolous arguments set forth in his petition. The Court ascertained that he had been given a copy of the opinions of this Court in Rowlee v. Commissioner,80 T.C. 1111 (1983), and Cleveland v. Commissioner,T.C. Memo. 1985-209, and petitioner admitted at trial that he had read the two cases. He nevertheless continued with his various frivolous tax protestor arguments adabsurdum. We have discussed the law at length in Rowlee and many other cases. As we stated in Cleveland:
We would do a disservice to those taxpayers who have brought to this Court genuine controversies with respondent were we to devote time to any extended discussion of the lack of merit to petitioner's arguments. McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). We decline to restate that which has been so long settled and we hold for respondent in regard to the deficiency and the additions to tax. Petitioner's arguments are completely groundless *435 and frivolous and he knew that they were. Petitioner at trial stated that he had at all times faithfully tried to obey the laws of the United States of America. He made this statement after reading Rowlee and Cleveland, and he then proceeded once again with his protestor arguments. Petitioner did not strike this Court as an unintelligent person. We can therefore only conclude that he had no intention of obeying the internal revenue laws of this country, that he was intent upon wasting the time and energy of this Court and that he filed and maintained his petition primarily for purposes of delay. Accordingly, we award damages of $5,000 to the United States under the provisions of section 6673 for the filing of a frivolous petition and maintaining such position primarily for purposes of delay. Decision will be entered for the respondent.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. We take judicial notice of this fact. See, e.g., Africa v. Commissioner,T.C. Memo. 1984-95; Dragoun v. Commissioner,T.C. Memo. 1984-94; Urban v. Commissioner,T.C. Memo. 1984-85; Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576↩, to cite but a few of the cases considered.