T.C. Memo. 2000-78


UNITED STATES TAX COURT


PHILIP LEWIS HART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 10398-98, 16155-98.          Filed March 7, 2000.


Philip Lewis Hart, pro se.

<u>Julie L. Payne</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioner's Federal income taxes, additions to
taxes, and penalties in the following amounts:

| Year | Deficiency | Additions to tax Sec. 6651(a)(1) | Sec. 6654 | Penalty Sec. 6662(a) |
|------|-----------|------------|-----------|-----------|
| 1994 | $5,352 | – | – | $1,070 |
| 1995 | 7,822 | – | $424 | 1,564 |
| 1996 | 12,497 | $3,124 | 665 | – |

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After a concession by respondent, this Court must decide: (1) Whether wages, rental income, interest, and individual retirement account distributions received by petitioner are taxable; (2) whether petitioner is liable for the addition to tax under section 72(t) for the early distributions from qualified retirement plans during the 1996 taxable year; (3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for the failure to file a tax return for the 1996 taxable year; (4) whether petitioner is liable for additions to tax under section 6654 for the failure to pay estimated taxes for the 1995 and 1996 taxable years; (5) whether petitioner is liable for accuracy-related penalties under section 6662(a) for the underpayment of taxes for the 1994 and 1995 taxable years; and (6) whether a penalty should be awarded to the United States under section 6673.

For clarity and simplicity, we have combined the findings of fact and conclusions of law. Some of the facts in this case have been stipulated and are so found. Petitioner resided in Coeur d'Alene, Idaho, at the time he filed his petitions in this consolidated case.

Petitioner was employed as an engineer during 1994 and 1995. He received wages as compensation for the services he provided as an engineer in the amounts of $34,775 and $42,106 in 1994 and 1995, respectively. Petitioner received rental income of $9,250 and $10,500 in 1994 and 1995, respectively. In 1994 and 1995, petitioner received interest income of $125 and $144, respectively. In 1996, petitioner received $284 of interest income from two different sources, $34,936 as a distribution from an individual retirement account (IRA) held by National Financial Services Co., and $8,933 as a distribution from an IRA held by Charles Schwab and Co., Inc. Petitioner had not reached the age of 59½ as of December 31, 1996, nor was he disabled as of this date.

Petitioner timely filed his 1994 and 1995 tax returns. In an attachment to the 1994 return, petitioner stated: "The wages I earned as reflected on my W-2 form are nontaxable personal property." The attachment also contained other typical tax protester arguments. The 1995 return contained a similar attachment. In 1994, $4,777 in Federal income tax was withheld from petitioner's wages. There is no evidence that tax was withheld in 1995. Yet, on both returns, petitioner claimed refunds of $4,777. Petitioner did not file a 1996 tax return.

Respondent determined that petitioner had tax liabilities for all 3 years in the amounts of the deficiencies listed above,

together with the additions to tax and penalties. Respondent's determinations in the statutory notices of deficiency are presumed correct, and petitioner bears the burden to disprove the determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Respondent concedes that petitioner did not receive refunds of California State income tax in the amounts of $774 and $1,431 in 1994 and 1995, respectively, which had been included in the calculations of the deficiencies for those years.

Petitioner first argues that the statutory notices of deficiency were not authentic. At trial, we found that all requirements of the notice of deficiency had been satisfied for all 3 years. Petitioner next argued: "when I read the statutes and the regulations, I do not find in them where there is a tax on the wages, that's payable by me. It's conceivable there could be a tax payable by somebody else, but it's not payable by me." Petitioner makes tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit. Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). We see no need to repeat these discussions here.

Suffice it to say that petitioner is not exempt from having to pay Federal income taxes. Abrams v. Commissioner, 82 T.C. 403, 407 (1984). Payments of compensation for services performed

are included in gross income and subject to the Federal income tax. Sec. 61(a)(1). Likewise, interest, rental income, and IRA distributions are included in gross income and subject to Federal income tax. Secs. 1, 61(a)(4), 61(a)(5), 61(a)(9), 61(a)(11), 408(d). Petitioner's income from wages, interest, rent, and IRA distributions is taxable. We sustain respondent's determinations on these issues.

We next consider whether petitioner is liable for the section 72(t) additional tax. Distributions from a qualified retirement plan are subject to a 10-percent tax unless an exception applies. Sec. 72(t). A qualified retirement plan includes an IRA. Secs. 4974(c), 408(a). Petitioner has offered no evidence that any exception applies in his case. Sec. 72(t)(2). Because petitioner received two distributions in 1996 from two IRA's, he is liable for the additional tax under section 72(t).

We now decide whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Petitioner must prove both reasonable cause and a lack of willful neglect. Crocker v. Commissioner, 92 T.C. 899, 912 (1989). "Reasonable cause" requires the taxpayer to demonstrate that he

exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Petitioner admitted that he did not file a tax return for 1996, and he did not provide any reason for his failure to file. Because petitioner presented no reasonable cause for his failure to file, we sustain respondent's determination of the addition to tax under section 6651(a)(1).

Because the 1995 tax return was timely filed, we do not have jurisdiction over the section 6654 addition to tax for 1995. Fujita v. Commissioner, T.C. Memo. 1999-164.

We now consider whether petitioner is liable for the addition to tax under section 6654 for the failure to pay estimated taxes for 1996. Section 6654(c) imposes a requirement that estimated taxes be paid in installments. If a taxpayer fails to pay a sufficient amount of estimated taxes, section 6654(a) provides for a mandatory addition to tax in the absence of exceptions not applicable here. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner failed to pay estimated taxes in 1996, and no Federal income tax was withheld from his income. Accordingly, petitioner is liable for the addition to tax under section 6654 for the 1996 taxable year.

Section 6662(a) provides for an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to, among other things, negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is defined to include any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard is defined to include any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Clearly, by purposely not paying his taxes, petitioner has not behaved as a reasonable and prudent person. Petitioner has shown an intentional disregard of the rules and regulations. We uphold the imposition of the accuracy-related penalties under section 6662(a) for the underpayments of the 1994 and 1995 tax liabilities.

We grant respondent's motion for a penalty under section 6673. Under section 6673, this Court may award a penalty to the United States of up to $25,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or

groundless.  Sec. 6673.  Based on the record, we conclude that such an award is appropriate in this case.

Petitioner has pursued a frivolous and groundless position throughout this proceeding.  At the beginning of this trial, petitioner was clearly warned that if he proceeded with the arguments contained in his written submission, then he would be subject to penalties.  Petitioner knew or should have known that his position was groundless and frivolous, yet he persisted in maintaining this proceeding primarily to impede the proper workings of our judicial system and to delay the payment of his Federal income tax liabilities.  Accordingly, a penalty is awarded to the United States under section 6673 in the amount of $10,000 in each docket.

To the extent we have not addressed petitioner's arguments, we have considered them and find them to be without merit.

Decision will be entered under Rule 155 in docket No. 10398-98 and decision will be entered for respondent in docket No. 16155-98, and a penalty will be awarded to the United States under section 6673.