THOMAS and TARIA HORNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horner v. Commissioner
Docket No. 27099-82.
United States Tax Court
T.C. Memo 1985-319; 1985 Tax Ct. Memo LEXIS 313; 50 T.C.M. (CCH) 285; T.C.M. (RIA) 85319; July 1, 1985. Thomas P. Horner, pro se. James B. Ausenbaugh, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in Federal income taxes and additions to tax against petitioner Taria B. Horner as follows: Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1977
$473
$118.25
$23.65
$16.84
1978
362
90.50
18.10
11.73
1979
482
120.50
24.10
20.08
1980
644
161.00
32.20
41.75
*314 The Commissioner determined deficiencies in Federal income taxes and additions to tax against petitioner Thomas P. Horner as follows: Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1977
$1,391.99
$348.00
$69.60
$49.60
1978
1,497.66
374.42
74.88
48.53
1979
1,912.88
478.22
95.64
79.62
1980
2,244.65
561.16
112.23
145.54
The issues for decision are (1) whether petitioners earned compensation which they failed to report in each of the taxable years at issue, (2) whether petitioners are liable for the additions to tax determined by the Commissioner, and (3) whether the Court, on its own motion, will award damages to the United States under section 6673. FINDINGS OF FACT Petitioners failed to stipulate to any of the facts or exhibits in this case. Further, petitioners denied all requests for admissions from respondent, and otherwise failed to cooperate with respondent or the Court in any of the efforts *315 made to establish a record in this case. The facts, therefore, are drawn from the pleadings and the testimony of Thomas P. Horner and Robert E. (Gene) Gillette, a revenue agent with the Internal Revenue Service. Thomas P. Horner (Mr. Horner or petitioner [singular]) and Taria B. Horner (Mrs. Horner), husband and wife, were residents of Pocatello, Idaho, at the time the petition in this case was filed. Petitioners filed a joint Federal income tax return with the Internal Revenue Service Center at Boise, Idaho, for the taxable year 1976, which stated that Mr. Horner's occupation was that of printer and Mrs. Horner's occupation that of X-ray technician. Petitioners filed a document purporting to be a joint Federal income tax return with the Internal Revenue Service Center at Boise, Idaho, for the taxable year 1977. The majority of the lines on the form were filled in with "object self-incrimination." Mr. Horner filed similar documents purporting to be individual Federal income tax returns for the taxable years 1978 and 1979 with the Internal Revenue Service Center at Boise, Idaho. Both of these documents again listed Constitutional objections in place of the answers necessary *316 for the computation of income tax. No returns, or documents purporting to be returns, were filed by Mrs. Horner for the taxable years 1978 and 1979, or by either petitioner for the taxable year 1980. Revenue Agent Gillette was assigned to examine the documents filed by petitioners for the taxable years 1976 through 1980. Mr. Gillette made repeated efforts to arrange to meet with petitioners to review the materials necessary for the determination of petitioners' income tax liabilities. Petitioners postponed the meetings, and failed to reschedule them. Petitioners also failed to provide any of the requested information. Mr. Horner was known to be working with his father, Donald L. Horner, doing business as Arrowhead Press. He was an independent contractor, not an employee, at Arrowhead Press. Based on this information, Mr. Gillette attempted to obtain records of compensation paid to petitioner for the taxable years 1977 and 1978 from petitioner's father. Petitioner's father initially refused to search for such records, and then claimed that his son would sue him if he released any information. Only after a District Director's summons was issued, and an enforcement hearing *317 held, did petitioner's father meet with Mr. Gillette. At that time, he claimed to be unable to locate the requested records. In the absence of direct information about petitioners' compensation, Mr. Gillette reconstructed petitioners' income for each of the taxable years at issue. First, he determined that both of the petitioners worked during the taxable years 1977 and 1978, and that Mr. Horner worked during the taxable years 1979 and 1980. Mr. Gillette then obtained information as to pay scales for printers on a nationwide basis, obtained an employment pay scale for Idaho, and interviewed companies other than Arrowhead Press in the Pocatello, Idaho, area to determine the local pay scale. He then compared petitioners' previous years' income to Bureau of Labor statistics in light of the information already obtained, and projected that the compensation earned by petitioners should be based on an intermediate income for a family of four, Western United States, non-metropolitan area. Petitioners' taxable income for the taxable years 1977, 1978, 1979, and 1980 was determined by the Commissioner to be $12,649, $13,367, $15,443, and $17,292, respectively. Of these amounts, Mrs. *318 Horner earned compensation at Pocatello Radiology in the amounts of $1,016.20 for the taxable year 1977, and $1,531.66 for the taxable year 1978. The remaining income for each of the taxable years at issue was determined to have been earned by Mr. Horner. On August 17, 1982, the Commissioner timely issued individual statutory notices of deficiency to each of the petitioners for the taxable years 1977, 1978, 1979, and 1980. The Commissioner determined that petitioners did not report the compensation received in each of the taxable years at issue and determined deficiencies in income tax as set forth above. As petitioners are residents of Idaho, a community property state, one-half of the compensation of each as reconstructed was allocated to each of the petitioners. The Commissioner determined that Mr. Horner was also liable for self-employment tax on the compensation earned by him. Finally, the Commissioner also determined that petitioners were liable for additions to tax in the amounts set forth above for each of the taxable years at issue: under section 6651 for failure to file timely Federal income tax returns, under section 6653(a) for underpayment of income taxes due to *319 negligence or intentional disregard of rules and regulations, and under section 6654 for failure to pay estimated tax. ULTIMATE FINDING OF FACT Petitioners' taxable income for the taxable years 1977, 1978, 1979, and 1980 was $12,649, $13,367, $15,443, and $17,292, respectively. Of these amounts, Mrs. Horner earned compensation at Pocatello Radiology in the amounts of $1,016.20 for the taxable year 1977, and $1,531.66 for the taxable year 1978. The remaining income for each of the taxable years at issue was earned by Mr. Horner. OPINION The Commissioner's determinations in his statutory notices of deficiency are presumptively correct, and petitioners bear the burden of disproving each individual adjustment. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners originally attempted to rely on the Fifth Amendment for their failure to carry the burden of proof, based on their claim that they might be subject to a criminal investigation by respondent, or be subject to investigation generally by unknown parties. The record contains no evidence of such an investigation and the Court is satisfied that petitioners do not have a reasonable basis to fear *320 self-incrimination. The possible danger, if any, of self-incrimination is so remote and speculative that it cannot serve as the basis for a Fifth Amendment claim in this case. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. an unreported decision of this Court; McCoy v. Commisisoner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The first issue is, therefore, whether petitioners earned compensation which they failed to report for each of the taxable years at issue. The determination of whether documents filed with the Commissioner constitute a return is a legal question. Jarvis v. Commissioner,78 T.C. 646, 653 (1982), citing United States v. Moore,627 F.2d 830 (7th Cir. 1980), cert. denied 450 U.S. 916 (1981). This Court has held that in order to constitute a return, a document need not be perfectly accurate or complete so long as it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the requirements for a return. It must, however, contain sufficient information from which the taxpayer's tax liability *321 can be computed. Edwards v. Commissioner,supra at 1269-1270; Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). The documents filed by petitioners with the Internal Revenue Service with respect to the taxable years at issue do not contain sufficient information from which the amount of tax liability can be determined for any one of the four taxable years and are not, therefore, tax returns. Reiff v. Commissioner,supra at 1177-1179; see also United States v. Daly,481 F.2d 28, 29 (8th Cir. 1973). Petitioners failed to report compensation received for the taxable years for which no return was filed. When a taxpayer fails to file a return, and fails to maintain adequate books and records, the Commissioner is entitled to reconstruct the taxpayer's income by any reasonable method. Mallette Bros. Construction Co., Inc. v. United States,695 F.2d 145, 148 (5th Cir. 1983); Cupp v. Commissioner,65 T.C. 68, 82 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Inexactitude of petitioners' own making can compel the Commissioner's use of an indirect *322 method to determine taxable income. Schroeder v. Commissioner,291 F.2d 649 (8th Cir. 1961), affg. a Memorandum Opinion of this Court, cert. denied 368 U.S. 985 (1962). The use of Bureau of Labor statistics has been expressly approved by this Court as an acceptable method of reconstruction. Cupp v. Commissioner, 65 T.C. at 76-77, 82. A showing by petitioners that the statutory notice is arbitrary or excessive or without foundation may shift the burden of going forward with the evidence to respondent. Helvering v. Taylor,293 U.S. 507 (1935); Jackson v. Commissioner,73 T.C. 394 (1979). As we held the Roberts v. Commissioner,62 T.C. 834 (1974), however "[t]he Commissioner's determination is not made arbitrary or unreasonable because of his failure to have all the facts when the failure is caused solely by the petitioner." 62 T.C. at 836-837. Petitioners have failed to be persuasive in their arguments that Mr. Horner did not receive compensation for his work with his father. Mr. Horner's self-serving testimony that the only items received from his father were love, affection, *323 and an occasional meal is totally unbelievable. Petitioner's father failed to testify, despite an effort made by respondent to subpoena him for the trial of this case. When such testimony was available, but was not provided to the Court, the reasonable inference is that the testimony would not have been favorable to petitioners. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioner admitted that he received some money from his father but offered no proof of the amount received. Petitioners, therefore, failed to prove the determination of the Commissioner to be erroneous and the amounts determined by the Commissioner are approved. Petitioners presented no evidence in support of any deductions or credits against their income. Respondent sought, by means of requests for admissions, to verify petitioners' taxable income, and to verify that petitioners neither incurred nor paid the following: medical and dental expenses, state and local income taxes, real estate taxes, state or local gasoline taxes, general sales taxes, personal property taxes, interest expenses, charitable contributions, *324 casualty or theft losses, or any other expenses deductible on petitioners' Federal income tax returns for the taxable years at issue. Respondent also sought to verify that petitioners made no cash contributions to candidates for political office, made no investments that qualified for either investment or residential energy credits, and that petitioners did not qualify for any other credits during these taxable years. Petitioners denied each of the requests, but provided no other information at any time during this proceeding other than claims that they may "have inadvertently paid sums not owed" with respect to the deductible taxes. Petitioners must carry the burden of proving that the Commissioner's determinations are incorrect, and have failed to do so by documentation, testimony or any other method. The Commissioner's determinations of deficiencies in income tax for the taxable years 1977, 1978, 1979, and 1980 are sustained. Rule 142(a). The next issue is whether petitioners are liable for additions to tax under section 6651(a), 6653(a), and 6654. Section 6651(a) imposes an addition to tax for failure to timely file a tax return, unless it is shown that such failure is *325 due to reasonable cause and not due to willful neglect. Such additions are presumed correct, and are upheld unless the taxpayer presents evidence controverting their applicability. Abramo v. Commissioner,78 T.C. 154, 163 (1982). Petitioners have not carried their burden of proving that they timely filed Federal income tax returns for the taxable years 1977, 1978, 1979, and 1980, or that they filed any documents which could be considered to be Federal income tax returns. Therefore, the additions to tax under section 6651(a), as determined by the Commissioner, are sustained. Rule 142(a). Section 6653(a) provides that, if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Petitioners bear the burden of proving that their underpayment was not due to negligence or intentional disregard of rules and regulations. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioners have presented no evidence to dispute the Commissioner's determinations with respect to the additions to tax under section 6653(a), and *326 the Commissioner's determinations are sustained. Respondent also determined additions to tax for the taxable years at issue under section 6654, for the underestimation of income tax. Where payments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition is automatic, unless petitioner can show that one of the several statutory exceptions applies. Sec. 6654. The burden to show qualification for such exception is on petitioners. Habersham-Bey v. Commissioner,78 T.C. 304, 319-320 (1982); Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Petitioners made no such showing, and the Commissioner's determinations are, therefore, sustained. In closing, petitioners' rationale for the nonpayment of Federal income tax for the taxable years at issue is based upon nothing more than the usual, frivolous "protestor" arguments. Petitioners' brief was a routine "tax protestor" document that contained numerous variations on such temes as the unconstitutionality of the income tax, the theory that compensation *327 for labor is not income, and the purported lack of a statutory requirement that individuals file income tax returns, without a single reference to petitioners' individual circumstances. These arguments have all been rejected repeatedly, and do not merit discussion here. McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); Rowlee v. Commissioner,80 T.C. 1111, 1114 (1983); Swanson v. Commissioner,65 T.C. 1180 (1976). Cases based upon such contentions are burdensom both on this Court and to society as a whole. Abrams v. Commissioner,82 T.C. 403 (1984). The time spent on this case has delayed other cases of merit. Upon our own motion, we find that petitioners instituted and maintained these proceedings primarily for delay, and that their position throughout the proceedings has been frivolous and groundless. We, therefore, award damages to the Federal government under section 6673 [2] in the amount of $2,500 against Thomas P. Horner and in the amount of $2,500 against Taria B. Horner. *328 To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. SEC. 6673 DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax.↩