GORDON R. SIEBERT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Siebert v. Commissioner
Docket No. 28945-91
United States Tax Court
T.C. Memo 1993-83; 1993 Tax Ct. Memo LEXIS 83; 65 T.C.M. (CCH) 2056; March 11, 1993, Filed *83 Gordon R. Siebert, pro se. For respondent: Patricia Anne Golembiewski. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This case is before us on respondent's motion for judgment on the pleadings under Rule 120. [1] Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows: Additions To Tax
Year
Deficiency
Sec. 6651
Sec. 6653(a)(1)(A)
Sec. 6654
Sec. 6661
1987
$ 14,906
$ 3,727
$ 745
$ 3,727  1988
13,120
3,280
656
$ 838
3,280  Sec. 6662
1989
7,761
1,940
583
$ 1,552  Additionally, 50 percent of the interest due on the entire deficiency pursuant to sec. 6653(a)(1)(B) for taxable year 1987. The adjustments giving rise to the deficiencies and additions to tax are based upon petitioner's failure to file Federal income tax returns and *84 report income from self-employment. Petitioner resided in Mountain View, California, at the time his petition was filed. On December 11, 1991, petitioner filed a petition in which he disputed all of the deficiencies and additions to tax by asserting in paragraph 4: The determination of tax set forth in the said notice of deficiency is based upon the following: Devious search and 'seizure' of my financial information. On May 6, 1986 it was brought to my attention that INFORMATION, PRIVACY and PRACTICE ACTS (which circumvent the Fourth Amendment of our Constitution) allowed the California State Board of Equalization to divulge financial information I am required to provide (them) as a small businessman. Unknowingly, I waived my right to privacy and in turn this became form of search and seizure of my private papers.
Petitioner further argues that if the Court sustains respondent's deficiency determination on the grounds stated, it would constitute unlawful coercion to compel petitioner to furnish potentially incriminating information in the absence of a grant of immunity. Petitioner did not deny, nor attempt to defend himself against, the allegations set forth in respondent's *85 notice of deficiency. Rule 34(b) states in pertinent part that "The petition in a deficiency or liability action shall contain * * * (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." The Rule also states: "Any issue not raised in the assignment of errors shall be deemed to be conceded." Petitioner failed to assert in his petition any justiciable errors of law or fact in respondent's notice. He is therefore deemed to have conceded the issues raised in the notice. Petitioner claims that the reporting of financial information by a State agency to the Internal Revenue Service is an illegal search and seizure. This claim is patently frivolous and we will not dignify it with additional ink. Cf. Vallone v. Commissioner, 88 T.C. 794, 810 (1987). Moreover, courts have repeatedly held that the Fifth Amendment may not be used as a method for evading the payment of lawful taxes. Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982). Further, the privilege against self-incrimination does *86 not apply where the possibility of criminal prosecution is remote or unlikely. McCoy v. Commissioner, 76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The record in this case discloses no indication that petitioner's fear of criminal prosecution is plausible. This is the third such case filed by petitioner in this Court which amounts to nothing more than a spurious claim "couched in terms of a constitutional challenge." Accordingly, we find that petitioner is liable for the tax and additions to tax in the amounts shown on the notice of deficiency. Tax protester arguments such as these asserted by petitioner have been consistently held to be subject to the sanctions provided in section 6673. Section 6673(a)(1) states, in pertinent part, that whenever it appears that the taxpayer's position in such proceeding is frivolous or groundless the Tax Court may require the taxpayer to pay to the United States a penalty. This lawsuit is the third frivolous case that petitioner has filed with this Court, each with identical petitions claiming a constitutional objection. In the previous actions, the Court declared *87 petitioner's claims to be without merit or substance, frivolous. These cases were subsequently dismissed by Court Orders. [2]
Although respondent has not requested the Court to sanction petitioner for bringing this action, we may nevertheless proceed sua sponte. Petitioner knowingly filed this suit asserting groundless tax protester claims at the Government's expense and must be deterred from filing similar suits in this or any other Federal court. Due to the complete lack of merit of his claim, we find the imposition of sanctions warranted. Having determined that a sanction is warranted, consideration must be given to the amount of the sanction to be imposed. Section 6673(a)(1) provides that the Tax Court may require the taxpayer to pay a penalty for *88 frivolous cases not in excess of $ 25,000. Accordingly, we find a penalty in the amount of $ 5,000 awarded to the United States appropriate. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.↩
2. See Siebert v. Commissioner, docket No. 610-90 (Jan. 29, 1992)(motion to dismiss for failure to state a claim upon which relief can be granted), and Siebert v. Commissioner↩, docket No. 35157-87 (Feb. 17, 1988)(motion to dismiss for lack of jurisdiction).