CHRISTOPHER C. BERNSDORFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bernsdorff v. Commissioner
Docket No. 11315-94
United States Tax Court
T.C. Memo 1994-634; 1994 Tax Ct. Memo LEXIS 657; 68 T.C.M. (CCH) 1515; December 22, 1994, Filed *657 For respondent: Richard Goldstein and James W. Clark. DAWSON, ARMEN
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed under Rule 40. The Court also considers, sua sponte, whether to impose a penalty under section 6673(a)(1). Background
In a notice of deficiency sent to petitioner at his last known address on March 28, *658 1994, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1991 in the amount of $ 10,686. Also in the notice of deficiency, respondent determined an addition to tax for failure to file under section 6651(a)(1) in the amount of $ 1,149.50 and an addition to tax for failure to pay estimated income tax under section 6654(a) in the amount of $ 225.50. The deficiency in income tax is based on petitioner's failure to report wages received from Alaska Airlines, Inc. in the amount of $ 50,580 in 1991. The addition to tax under section 6651(a)(1) is based on petitioner's failure to file an income tax return for 1991, and the addition to tax under section 6654(a) is based on petitioner's failure to pay estimated income tax for that same year. [2]
On June *659 27, 1994, the Court received from petitioner a document entitled "Petition Under 90 Day Notice of Deficiency; Employee", which the Court filed as a petition. In his petition, petitioner admits that he was employed by Alaska Airlines, Inc. during 1991 and that he received compensation for his services from his employer at an hourly rate $ 18.71. Petitioner goes on in his petition to make a variety of tax protester arguments, ultimately concluding that "he is only a wage earner who receives no gross income (as defined by the Courts and the Code)." Approximately 40 additional pages of material are attached to the petition, including a "Brief In Support Of Petition"; a "Summary Of Brief/Deficiency Petition of Mr. Bernsdorf"; a "Demand For Relief"; and 3 "Affidavits Of Fact In Federal Tax Controversy". All of this material relates to petitioner's basic contention that wages do not constitute income taxable under the Internal Revenue Code. On June 29, 1994, the Court directed petitioner to file a proper amended petition. Petitioner responded by filing an amended petition on August 29, 1994. In his amended petition, petitioner cites a number of statutory and regulatory sections and *660 then references the "Brief" that he had attached to his original petition. On October 11, 1994, respondent filed her Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Respondent asserts that this case should be dismissed because petitioner failed to allege in his petition (1) Any justiciable error with respect to respondent's determinations in the notice of deficiency, and (2) any facts in support of any justiciable error. On October 14, 1994, the Court directed petitioner to file a second amended petition on or before November 18, 1994, setting forth with specificity each error alleged to have been made by respondent in determining the deficiency and separate statements of fact upon which the assignments of each error are based. Petitioner responded to this order by submitting documents entitled (1) "Petition", which the Court filed as his second amended petition; (2) "Demand For Relief"; (3) "Motion To Deny"; (4) "Motion To Accept Filing Of Brief"; and (5) "Brief In Support". These documents are replete with tax protester arguments which relate to petitioner's basic contention that wages do not constitute income. Worthy of note, however, is an *661 attachment to petitioner's second amended petition. This attachment is a copy of Form W-2 ("Wage and Tax Statement") issued to petitioner by Alaska Airlines, Inc. The Form W-2 indicates that petitioner received wages from his employer in the amount of $ 50,580.28 in 1991. A hearing on respondent's motion to dismiss was held in Washington, D.C., on November 30, 1994. Counsel for respondent appeared at the hearing and presented argument. However, there was no appearance by or on behalf of petitioner, nor did petitioner file a Rule 50(c) statement with the Court. Discussion
Rule 34(b)(4) provides that a petition in a deficiency action shall contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determinations made in the notice of deficiency. Further, Rule 34(b)(5) provides that the petition shall contain clear and concise statements of the facts on which the taxpayer bases the assignments of error. As a general rule, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are *662 erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). In his petition, amended petition, and second amended petition, petitioner makes only tax protester arguments that have been rejected on numerous occasions by this and other Courts. E.g., Abrams v. Commissioner, 82 T.C. 403 (1984). Specifically, petitioner's basic contention that wages do not constitute income has been repeatedly rejected as spacious. E.g., United States v. Buras, 633 F.2d 1356 (9th Cir. 1980); Hebrank v. Commissioner, T.C. Memo. 1982-496. After reviewing the petition, the amended petition, and the second amended petition filed by petitioner, we agree with respondent that no justiciable error has been alleged with respect to respondent's determinations in the notice of deficiency as required by Rule 34(b)(4). We also agree *663 with respondent that petitioner's pleadings do not allege any justiciable facts in support of any error as required by Rule 34(b)(5). The Court's Order dated October 14, 1994, as well as the Court's Order dated June 29, 1994, provided petitioner with an opportunity to allege justiciable error and specific facts in support of each assignment of justiciable error regarding the determinations made by respondent in the notice of deficiency. . Petitioner failed to properly respond to the Court's order. Rather, petitioner elected to continue to proceed with time-worn tax protester rhetoric. See Abrams v. Commissioner, supra; Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Karlin v. Commissioner, T.C. Memo. 1990-496. The petition, the amended petition, and the second amended petition filed herein do not conform with this Court's Rules of Practice and Procedure and do not state a claim upon which relief can be granted. Under such circumstances dismissal *664 of this case is appropriate. Rules 34(a)(1), 123(b); Klein v. Commissioner, 45 T.C. 308 (1965); Weinstein v. Commissioner, 29 T.C. 142 (1957). Accordingly, we shall grant respondent's motion to dismiss. Respondent did not file a motion for a penalty under section 6673(a) in this case. Nevertheless, we turn to that section because the pleadings filed by petitioner suggest that a penalty may be appropriate. See Siebert v. Commissioner, T.C. Memo. 1993-83. Section 6673(a)(1) provides in pertinent part as follows: (a) Tax Court Proceedings.-- (1) Procedures Instituted Primarily for Delay, Etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner's position is frivolous and groundless and that this proceeding was instituted *665 and maintained primarily for delay. At the time he filed his petition in this case on June 27, 1994, petitioner made spurious and frequently rejected tax protester arguments; petitioner has continued to make such arguments during the pendency of this case. As the Court of Appeals for the Seventh Circuit has remarked: A petition to the Tax Court * * * is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. * * * The inquiry is objective. If a person should have known that his position is groundless, a court may and should impose sanctions. [Citation omitted.]
Coleman v. Commissioner, 791 F.2d 71 (7th Cir. 1986); see Hansen v. Commissioner, 820 F.2d 1464, 1470 n.3 (9th Cir. 1987); Abrams v. Commissioner, supra; Rowlee v. Commissioner, supra.In view of the foregoing, and on our own motion, we will require petitioner to pay to the United States a penalty in the amount of $ 1,000. Conclusion
To give effect to our disposition of respondent's motion to dismiss and to *666 the imposition of a penalty under section 6673(a)(1), An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's employer withheld $ 6,088.45 in income tax from petitioner's wages in 1991. This amount, however, is less than 60 percent of petitioner's tax liability for 1991 as determined by respondent in the notice of deficiency.↩